STATE OF VERMONT
ENVIRONMENTAL COURT

Town of Northfield,
    Plaintiff,

v.

Lawrence Drown, Jason Law,
    Jacob Dorman, and Kenneth Strong,
    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Docket No. 218-10-08 Vtec

## Judgment Order

The Court held a merits hearing in the above-captioned matter on October 20, 2009, and March 17, 2010, to determine the appropriate remedies to be imposed against Defendants in favor of the Town of Northfield.[1]  At the conclusion of the March 17, 2010 merits hearing, the Court made Findings of Fact on the record.

In accordance with those Findings, it is hereby ORDERED and ADJUDGED as follows:

## A.    Parties.

1.    The Town of Northfield's notice of violation ("NOV") against Defendant Jason Law is dismissed, since the Town did not provide proof of service of the NOV upon Mr. Law.  Service upon the remaining Defendants (Lawrence Drown, Jacob Dorman, and Kenneth Strong) was proved by the Town.

## B.    Injunction.

1.    Defendant Drown shall cease to use as a junkyard the property now or formerly owned by him and located at 11 Wall Street in Northfield.  To the extent that the other named Defendants hold title to the property at issue in these proceedings, they are also hereby enjoined from using any portion as a junkyard and from allowing

---

[1] The Court previously determined that summary judgment must be entered in the Town's favor as to the zoning violations alleged, due to Defendants' failure and refusal to properly appeal the notices of violations ("NOVs") served upon them.  See Town of Northfield v. Drown, No. 218-10-08 Vtec, Decision on Multiple Motions (Vt. Envtl. Ct. Sept. 4, 2009) (Durkin, J.).  The Court concluded that "Defendants have committed all of the violations listed in the respective NOVs [and that the] matter must now be set for a hearing on the penalty phase of this enforcement proceeding." Id. at 10.  The purpose of the October 20, 2009, and March 17, 2010, merits hearing were to determine what level of penalties, if any, should be imposed upon the respective Defendants and in favor of the Town.

Defendant Drown from using such property as a junkyard, as specified in the NOVs.

2. Within 45 days of the date of this Order, Defendant Drown shall remove all junk from the property located at 11 Wall Street.

3. Defendant Drown shall immediately plant trees, as directed by the permit issued by the Town of Northfield Zoning Board of Adjustment, sufficient to "shield the residents on Water Street from view of the building and grounds" on property now or formerly owned by Defendant Drown. Failure to plant such trees, or failure to plant trees that are adequate to provide such shielding, will subject Defendant Drown to further penalties in favor of the Town.

4. The Court concluded that Defendant Drown, in transferring portions of his property to Defendants Dorman and Strong, completed a subdivision of his property without first receiving the necessary subdivision permit, as alleged in the April 21, 2009 NOV. As a consequence of such unpermitted subdivision, Defendants Drown, Dorman, and Strong are hereby directed to immediately file all necessary applications and supporting documents, pay all necessary application fees, and secure all needed municipal subdivision permits to authorize their previously completed real estate transfers of portions of the property once wholly owned by Defendant Drown. The penalties listed below shall continue to accrue against each Defendant until such subdivision permits have been secured or the Defendants have voluntarily returned the subject property to its original, non-subdivided condition.

## C. Penalties.

1. Defendant Strong shall pay to the Town of Northfield fines of $1.00 per day for each of the 330 days that have elapsed since Defendant Strong was served with the April 21, 2009 NOV and through the end of the merits hearing on March 17, 2010. Defendant Strong shall pay to the Town of Northfield fines of $1.00 per day for each day from March 18, 2010, until the noticed zoning violations have been cured.

2. Defendant Dorman shall pay to the Town of Northfield fines of $1.00 per day for each of the 330 days that have elapsed since Defendant Dorman was served with the April 21, 2009 NOV and through the end of the merits hearing on March 17, 2010. Defendant Strong shall pay to the Town of Northfield fines of $1.00 per day for each day from March 18, 2010, until the noticed zoning violations have been cured.

-2-

3. Defendant Drown shall pay to the Town of Northfield fines of $35.00 per day for each of the 617 days that have elapsed since Defendant Drown commenced the latter three violations listed in the July 8, 2008 NOV through the end of the merits hearing on March 17, 2010, for a total of $21,595.00. Defendant Drown shall continue to pay to the Town of Northfield fines of $35.00 per day for each day from March 18, 2010, until all the noticed violations at 11 Wall Street are cured.

4. An Order of Approval and Writ of Attachment has been issued with this Judgment Order to provide security for the penalties imposed by this Judgment Order. The Town shall cause such Writ of Attachment to be recorded in the Town of Northfield Land Records so as to encumber the subject land, whether such lands are presently held in the name of Defendants Drown, Dorman, or Strong.

Done at Berlin, Vermont, this 6th day of April 2010.

_____
Thomas S. Durkin, Environmental Judge

STATE OF VERMONT
ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| Town of Northfield, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Docket No. 218-10-08 Vtec |
| | ) | |
| Lawrence Drown, Jason Law, | ) | |
| Jacob Dorman, and Kenneth Strong, | ) | |
| Defendants. | ) | |
| | ) | |

## Order of Approval for Writ of Attachment

This Court, upon motion of Plaintiff Town of Northfield, and after a hearing, upon five days notice to Defendants, has reviewed the Town's Motion for Writ of Attachment and Trustee Process, dated March 8, 2010, and made pursuant to V.R.C.P. 4.1(g) and 4.2(i). The Court hereby makes the following findings:

1. This action was commenced by a complaint filed with the Court on October 7, 2008.

2. The Town filed an Amended Complaint on May 12, 2009.

3. The Court ruled on September 9, 2010, that Defendants have committed all of the violations listed in the respective Notices of Violation ("NOVs"). See Town of Northfield v. Drown, No. 318-10-08 Vtec, Decision on Multiple Motions at 10 (Vt. Envtl. Ct. Sept. 9, 2009) (Durkin, J.).

4. The Court held a merits hearing in this matter on October 20, 2009, and March 17, 2010, to determine the appropriate remedies to be imposed against Defendants.

5. At the conclusion of the March 17, 2010 merits hearing, the Court made Findings of Fact on the record.

6. At the conclusion of the merits hearing, the Court ordered Defendant Drown to pay to the Town of Northfield fines of $35.00 per day for each of the 617 days that have elapsed since Defendant Drown commenced the latter three violations listed in the July 8, 2008 Notice of Violation through the end of the merits hearing on March 17, 2010. As of March 17, 2010, this amount totaled $21,595.00. The Court also ordered Defendant Drown to continue paying to the

1

Town of Northfield fines of $35.00 per day for each day from March 18, 2010, until all of the noticed zoning violations on the property located at 11 Wall Street have been cured.

7. At the conclusion of the merits hearing, the Court ordered Defendant Strong to pay to the Town of Northfield fines of $1.00 per day for each of the 330 days that have elapsed since Defendant Strong was served with the April 21, 2009 NOV and through the end of the merits hearing on March 17, 2010. The Court also ordered Defendant Strong to pay to the Town of Northfield additional fines of $1.00 per day for each day from March 18, 2010, until the noticed zoning violations have been cured.

8. At the conclusion of the merits hearing, the Court ordered Defendant Dorman to pay to the Town of Northfield fines of $1.00 per day for each of the 330 days that have elapsed since Defendant Dorman was served with the April 21, 2009 NOV and through the end of the merits hearing on March 17, 2010. The Court also ordered Defendant Strong to pay to the Town of Northfield additional fines of $1.00 per day for each day from March 18, 2010, until the noticed zoning violations have been cured.

9. The record reflects that Defendants have no liability insurance, bond, or other security to satisfy any judgment against them in this action.

**Conclusions**

1. The Court has entered judgment in favor of the Town and against the respective Defendants in a collective amount in excess of **$22,000.00**.

2. The Defendants collectively engaged in a subdivision of the property located at 11 Wall Street and once held solely in the name of Defendant Drown; they collectively completed the subdivision and transfer of this property after notice of the zoning violations and without first receiving the necessary municipal zoning permits.

3. No liability insurance, bond, or other security is available to satisfy any judgment against Defendants in this action.

4. Trustee Process is not warranted in this case.

5. The value of the property located at 11 Wall Street appears to be adequate to secure the fines awarded to the Town.

**IT IS ORDERED** that the Town's Motion for Trustee Process is **DENIED**, but the Town's motion for an attachment is **GRANTED**. The Court Clerk is hereby authorized and directed to issue a Writ of Attachment against the entire parcel of property known as 11 Wall Street in Northfield, which was once owned in the sole name of Defendant Drown, but is now held in separate, non-permitted parcels in the separate names of Defendants Drown, Dorman, and Strong. Such attachment shall continue, and the Town shall not be called upon to release the attachment, until all penalties have been paid and all zoning violations have been cured by every Defendant. Upon the underlying Judgment Order in this proceeding becoming final, Plaintiff Town of Northfield shall be entitled to commence any and all lawful actions to satisfy such Judgment Order.

This completes the current proceedings in this matter before this Court.


Dated at Berlin, Vermont this 6th day of April 2010.


_____
Thomas S. Durkin, Environmental Judge